## CINCINNATI TRACT. CO. v. KRAUSS

Ohio Appeals, 1st Dist., Hamilton Co.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

148. BILLS OF EXCEPTIONS—1104. Statutes.

Where fortieth day after overruling of motion for new trial falls on Labor Day, bill of exception may be filed on following day.

On motion to strike.

Motion overruled.

James G. Stewart, Cincinnati, for Traction Co.

Bettman, Riesenberg, Cohen & Steltenpohl, Cincinnati, for Krauss.

STATEMENT OF FACTS.

The matter before the court is a motion to strike the bill of exceptions from the files, on the ground that it was not filed in the trial court within the time prescribed by law.

It appears, from the record, that the fortieth day after the overruling of the motion for a new trial was Labor Day. The bill of exceptions was filed the day following Labor Day.

OPINION OF COURT.

The following is taken, vertabim, from the opinion.

HAMILTON, PJ.

It is contended by plaintiff in error, in opposing the motion, that Labor Day, under the statute, has the same force and effect as Sunday, and he relies on Section 10216, which reads: "Unless otherwise specifically provided, the time within which an act is required, by law, to be done, shall be computed by excluding the first day and including the last; except that the last day shall be excluded if it be Sunday," and Section 5977 GC. which reads as follows: "Labor Day. The first Monday in September in each year shall be known as Labor Day, and, for all purposes, shall be considered as the first day of the week."

The chief argument of the defendant in error, in support of his motion, is that Labor Day is a holiday, and would come under the general rule that holidays are not to be considered as Sunday, and he cites ample authority in support of that proposition, and, undoubtedly, that is the general rule. But the statute, specially providing with reference to Labor Day, says, "for all purposes shall be considered as the first day of the week." It is a matter of common knowledge that the first day of the week is called Sunday, and, further, it has been so considered by the Legislature in Section 13044, and, since section 10216 excludes Sunday, when the date in question falls on Sunday, we see no reason for excluding the filing of a bill of exceptions as within the clause in Section 5977 "for all purposes."

Our conclusion is: The plaintiff in error is protected by the statutes referred to in the filing of the bill of exceptions, and that the same was filed in time.

The motion to strike the bill of exceptions from the files will be overruled.

(Mills and Cushing, JJ., concur.)